UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Leo McClam**, # 3147, | ) | **C/A No. 3:07-1529-TLW-JRM** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| **Mr. F. N. Quaillen**, CCC Officer; | ) | |
| **Mr. Kenneth Rainer**, CCC Officer; | ) | |
| **Ms. Sharon NLN**, Nurse; | ) | |
| **Ms. Annie NLN**, Nurse; | ) | |
| **Mr. NFN White**, CCC Officer; | ) | |
| **Mr. Reggie Falk**, CCC Officer; and | ) | |
| **Ms. NFN Bowman**, Nurse, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

*Background of this Case*

This matter is before the court because of the plaintiff's failure to respond to the undersigned's order of June 18, 2007.   The order of June 18, 2007 is quoted herein:

> The plaintiff is confined in an institution of the South Carolina Department of Mental Health pursuant to South Carolina's sexually violent predator commitment statute. In the event that a limitations issue arises, the plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-276, 101 L.Ed.2d 245, 108 S.Ct. 2379, 1988 U.S. LEXIS® 2875 (1988), because he is confined involuntarily.  Under Local Civil Rule 73.02(B), pretrial proceedings in this action have been automatically referred to the undersigned United States Magistrate Judge.

> The plaintiff has submitted a Statement of Assets (Entry No. 2) and a motion to proceed *in forma pauperis* (Entry No. 3).  The plaintiff's motion to proceed *in forma pauperis* (Entry No. 3) is granted.  *DeBlasio v. Gilmore*, 315 F.3d 396, 398-399, 2003 U.S.App. LEXIS® 147 (4th Cir. 2003).

TO THE PLAINTIFF:

1

This case is not in "proper form" for service at this time. **If the plaintiff does not bring this case into "proper form" within the time specified under this order, this case could be dismissed for failure to prosecute.** Accordingly, the plaintiff is being given *twenty (20) days* from the date this order is entered (plus three days for mail time pursuant to FRCP 6(e)) to:

> 1) Complete, sign, and file with this court a separate Form USM-285 for **each** of the seven defendants listed in this case. This means that the plaintiff must complete and sign a separate Form USM-285 for defendant Quaillen, a separate Form USM-285 for defendant Ranier, a separate Form USM-285 for defendant Sharon NLN, a separate Form USM-285 for defendant Annie NLN, a separate Form USM-285 for defendant White, a separate Form USM-285 for defendant Falk, and a separate Form USM-285 for defendant Bowman. Only one defendant's name and service address should appear on each form. The defendant's name and address should be placed in the spaces preceded by the words "SERVE AT." The plaintiff's name and address should be placed in the space designated "SEND NOTICE OF SERVICE COPY TO . . .", and the plaintiff should sign where the form requests "Signature of Attorney or other Originator . . . ." **The plaintiff must provide the particular defendant's complete address on the form**. The plaintiff **must** provide, and is responsible for, information sufficient to identify the defendants on the Forms USM-285. The United States Marshal cannot serve a defendant that is not properly identified, and defendants that are not served may be dismissed as parties to this case. Blank forms are attached for the plaintiff's use.

The plaintiff must place the civil action number (C/A No) listed above on any document he submits to this court in connection with the above-captioned case or pursuant to this order. *In the meantime, no process shall issue until the items specified above have been reviewed by the undersigned*.

Any future filings by the plaintiff in this case should be sent to the Clerk's Office in Columbia. All pleadings filed in this case by the plaintiff shall be signed by the plaintiff with his full legal name written in his own handwriting. *Pro se* litigants, such as the plaintiff, shall *not* use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, the plaintiff is directed to use letter-sized paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. The plaintiff is further instructed not to write to the edge of the paper, but to maintain one-inch margins on the top, bottom, and sides of each paper submitted. The plaintiff is directed to comply with the requirements for "short and plain" statements of claims and defenses in all pleadings under Rule 8 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) as well as the requirements for "concise summary," "concise statement," and "brevity" set forth in Local Civil Rule 7.05 of the United States District Court for the District of South Carolina.

The plaintiff is a *pro se* litigant. The plaintiff's attention is directed to the following important notice:

You are ordered to always keep the Clerk of Court advised **in writing** (901 Richland Street, Columbia, South Carolina 29201) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, your case may be dismissed for violating this order. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address *and providing the Clerk of Court with the docket numbers of all pending cases you have filed with this court*. Your failure to do so will not be excused by the court.

Put this order with your own record of this case so that you will not overlook your duty. If an attorney serves you by mail on behalf of a defendant, you also have a duty to notify that attorney if your address is to be changed for mail purposes.

If your address changes in the future, you must provide the Clerk of Court with your *own* new address.

**<u>TO THE CLERK OF COURT</u>:**

The Clerk of Court is directed to send a copy of this order and the "proper form" documents (seven Forms USM-285) to the plaintiff.

If the plaintiff fails to provide the items specified above to the Clerk of Court within the period prescribed in this order, the Office of the Clerk of Court shall return the file in this case to the undersigned Magistrate Judge for a Report and Recommendation. If, however, the plaintiff provides this court with the items specified above, the Office of the Clerk of Court should forward the file to the undersigned Magistrate Judge to determine if service of process should be authorized.

The Office of the Clerk of Court shall not enter any change of address submitted by the plaintiff which directs that mail be sent to a person other than the plaintiff unless that person is an attorney admitted to practice before this Court who has entered a formal appearance.

(Order [Entry No. 8], at pages 1-3 [three footnotes omitted from quotation]).

Copies of the order of June 18, 2007, and the "proper form" documents were mailed to the plaintiff. The deadline for the plaintiff to comply with the order of June 18, 2007, expired on July 12, 2007. No response to the order of June 18, 2007, has been received from the plaintiff.

3

### *Recommendation*

Accordingly, it is recommended[*] that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process because the plaintiff has not responded to the "twenty-day" order of June 18, 2007. The plaintiff's attention is directed to the important Notice on the next page.

Respectfully submitted,

July 17, 2007                                  s/Joseph R. McCrorey
Columbia, South Carolina              United States Magistrate Judge

---

[*]The United States Court of Appeals for the Fourth Circuit has ruled that the Prison Litigation Reform Act (PLRA) does not apply to sexually violent predators under a "civil" commitment. *Michau v. Charleston County*, 434 F.3d 725, 2006 U.S.App. LEXIS® 1094 (4th Cir. 2006). The General Order filed on November 1, 2005, Misc. No. 3:05-MC-5010-JFA, which provides that the Clerk of Court shall forward to a United States District Judge a prisoner case in which the litigant has not responded to a twenty-day "proper form" order, applies only to prisoner cases. Hence, the undersigned is issuing a Report and Recommendation in the above-captioned case.

4

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).